## 33865. RUFFIN v. THE STATE.

UNDERCOFLER, Presiding Justice.

Judson Ruffin was indicted in Taliaferro County with two others on a multi-count indictment. He was tried separately and convicted and sentenced as follows: for armed robbery and kidnapping (two counts) life imprisonment was imposed; for murder the death penalty was imposed; for aggravated assault ten years imprisonment was imposed (consecutive) and for possession of a firearm five years imprisonment was imposed (consecutive).

His case is before this court on direct appeal and for review of the death penalty imposed.

*I. Summary of the Evidence.*

The evidence produced at trial, including Ruffin's confession, justified the jury in finding the following facts:

In the late evening hours of July 26, 1976, Henry Lee Phillips was operating an Amoco service station off I-20 near Crawfordsville, Georgia, with his eleven-year-old stepson, Bonnie Bulloch, helping him. A car pulled into the station with three occupants. The appellant and the two co-indictees, Nathan Brown and Jose High, were in the car. The car had been in the station a week or two earlier. The three men got out of the car and one pointed a pistol at Phillips. Appellant had a sawed-off shotgun. Phillips was forced to leave the booth while the appellant removed the money from the register and demanded any other money. When Phillips told him that there was no more money, the appellant grabbed Bonnie Bulloch and told Phillips to get in the car trunk or Phillips and the boy would be killed.

Phillips got in the trunk of the car and when he was released from the trunk found that they were in the woods. Phillips and his stepson were ordered to lie on the ground. Phillips then heard shots fired. When Phillips regained consciousness he discovered that Bulloch was dead. In his confession, the appellant stated that he shot the boy in the head while his cohorts also shot at the victims. Phillips had been shot in the temple and wrist. He managed to get to a nearby house and the sheriff was summoned.

The appellant and his two companions returned to Augusta and he was subsequently apprehended, apparently on a different charge.

## II. Enumerations of Error.

1. Appellant alleges as his first enumeration that "[t]he Court erred in overruling the defendant's motion for a new trial on general grounds."

We have examined the transcript of trial and conclude that the verdict is not contrary to law or the evidence and there was ample evidence to support the verdict of the jury. Enumeration 1 is without merit.

2. In his second enumeration, the appellant alleges "[t]he Court erred in allowing G.B.I. Agent Chuck Monahan and Agent Bob Ingram to remain in the courtroom throughout the trial of the case, over objection of the defendant, Judson Ruffin."

The district attorney requested that the two agents remain in the courtroom to assist him in the prosecution of the case. Ga. Code Ann. § 38-1703 provides for sequestration of witnesses upon motion of a party. Its enforcement long has been vested in the discretion of the trial court. *Jarrell v. State,* 234 Ga. 410, 420 (216 SE2d 258) (1975); *McNeal v. State,* 228 Ga. 633 (4) (187 SE2d 271) (1972); *Thomas v. State,* 27 Ga. 287 (8) (1859).

We find no abuse of discretion by the trial court. Enumeration 2 is without merit.

3. In his third enumeration, the appellant alleges: "The Court erred in excluding the black jurors from the panel of 42, because the following named jurors stated that they were opposed to capital punishment: Janie Lou Evans; Mildred Moor; Brenda Stevens; Martha C. Turner; Arthur Lee Seals; Dorothy King; Eleanor Ruff; Calvin Turner; Mary Grace Thornton; Ruby Jackson; Mary Sanders; Elizabeth Bird; Calvin Thomas; Mabel Stewart Billingsley; Edna Swain; Martha Edwards; James Howell, and Willie Albert Jones."

Although the appellant alleges that eighteen prospective jurors were excused improperly under the standard established in Witherspoon v. Illinois, 391 U. S. 510 (1968), we do not reach the same conclusion after reading the transcript of the voir dire examination of the panel members. All of the jurors excused because of

conscientious objection to the death penalty made it unmistakably clear that they were unalterably opposed to imposition of the death penalty. They expressly stated so in the case of every excused venireman except Martha C. Turner and the context in which she responded it was clear that she was unalterably opposed to the death penalty. See *Corn v. State,* 240 Ga. 130, 132 (240 SE2d 694) (1977); *Potts v. State,* 241 Ga. 67, 69 (243 SE2d 510) (1978).

The state used only seven of its peremptory challenges. Under Georgia law it had three remaining. Code Ann. § 59-907. This court explored the issue of unexercised peremptory strikes and its impact on Witherspoon in *Alderman v. State,* 241 Ga. 496, 499 (246 SE2d 642), cert. den., 99 SC 593 (1978), and concluded (p. 502), "[w]hen the twelfth juror in this case was selected, the State had three peremptory challenges remaining and, therefore, the exclusion of the three complained of jurors for cause, if error at all, was harmless. See Chapman v. California, 386 U. S. 18 (87 SC 824, 17 LE2d 705) (1967). The presence of unused peremptory strikes by the State forecloses appellant's reliance on Witherspoon."

Accordingly, the excuse of juror Martha C. Turner, if error at all, was harmless.

Enumeration 3 is without merit.

4. The appellant alleges in Enumeration 4 that "[t]he Court erred in failing to disqualify Traverse Juror, Pat Darden, who was the Coroner of Taliaferro County (and husband of the Clerk of Superior Court of Taliaferro County), and subpoenaed as a witness for the State, and the Court should have required that he be stricken from the panel of 42." In his fifth enumeration he alleges "[t]he court erred in failing to disqualify Grace Beazley, who was the wife of Bailiff Guy Beazley, and an employee of Taliaferro County Health Department."

In Georgia, control of the voir dire examination is vested in the discretion of the trial judge and will not be interfered with unless it is clearly shown that such discretion was abused. *Pierce v. State,* 231 Ga. 731 (204 SE2d 159) (1974).

The statutory questions to be asked on voir dire on

trial for felony are set forth in Code Ann. § 59-806. " 'To disqualify one from being a juror in a criminal case, he must have formed and expressed an opinion, either from having seen the crime committed, or from having heard the testimony under oath. One who from some other sources has formed and expressed an opinion which is not fixed and determined, and who indicated his competency by answering the statutory questions on voir dire, is not an incompetent juror.' " *Wilburn v. State,* 141 Ga. 510, 511 (81 SE 444) (1963); *Clemon v. State,* 218 Ga. 755, 757 (130 SE2d 745) (1963).

Neither Mr. Darden nor Mrs. Beazley had witnessed the crime or heard testimony about the crime delivered on oath, and there was no abuse of discretion in refusing to exclude them for cause. *Butler v. State,* 231 Ga. 276 (201 SE2d 448) (1973); *Williams v. State,* 222 Ga. 208 (149 SE2d 449) (1966); *Roach v. State,* 221 Ga. 783, 784 (147 SE2d 299) (1966).

Inasmuch as the appellant used only 17 of his 20 peremptory challenges we find no merit to his argument that he was required to use peremptory strikes to remove these prospective jurors.

Enumerations 4 and 5 are without merit.

5. In Enumeration 6, the appellant alleges "[t]he Court erred in allowing admission of a sawed-off shotgun taken from the automobile of Jose High in Augusta, Georgia, on August 28, 1976, 32 days after the alleged murder in Taliaferro County, on the statement of the District Attorney, '[t]here will be some evidence in the record.' "

The victim testified that a shotgun was used during the commission of the offense and that the shotgun shown to him at the trial looked like the shotgun which had been pointed at him during the commission of the crime. Other evidence established that a shotgun had been discharged at the scene of the murder and aggravated assault.

"Where, as here, the victim of a crime identifies a weapon as similar to that used in the commission of the crime, the weapon is admissible whether or not it is the identical weapon. *Evans v. State,* 228 Ga. 867, 870 (188 SE2d 861) (1972). See also *Jung v. State,* 237 Ga. 73 (226 SE2d 599) (1976)." *Duvall v. State,* 238 Ga. 326 (232 SE2d

919) (1977).

Enumeration 6 is without merit.

6. In Enumeration 7, the appellant alleges "[t]he Court erred in expressing the opinion of the Court in the statement, '[o]f course, it would be properly connected up, Mr. Hardin,' when appellant objected to nonexistent evidence arising out of a question asked by the District Attorney as to the whereabouts of a tee shirt found at the scene of the murder."

It will facilitate understanding the obvious intent of the statement to consider the context in which it arose from page 178 of the transcript of the trial.

"Q. All right. Is there any other evidence that was turned over to you that you may have turned over to somebody else? A. Well, there were some acid wipings identified as coming from the hands of Henry Phillips and an evidence bag containing a bloody tee shirt identified as being found at the scene. Q. And that tee shirt, I assume, was examined for human blood? A. I didn't examine it. Q. Who did you turn it over to? Mr. Hardin: At this point, if your Honor please, I don't believe there is any evidence that has been turned over to anyone, so I believe that would be out of order at this time. Mr. Goolsby: . . . turned over to him. The Court: Of course, it would be properly connected up, Mr. Hardin. Dr. Howard: It may take a minute . . . excuse me. Mr. Goolsby: I don't think it is really that important anyway. It doesn't make any difference. Just one second . . ."

From reading the colloquy it is abundantly clear the trial court meant that he would require that it be properly connected up. No other interpretation can reasonably be made of the statement as made by the trial court.

Accordingly, Enumeration 7 is without merit.

7. In Enumeration 8, the appellant alleges: "[t]he court erred in ruling that the defendant's, Judson Ruffin, confession was obtained freely and voluntarily by Agent Robert Ingram, in the presence of GBI Agent Monahan, and Investigators Dykes and Stevens of the Richmond County Sheriff's Department, while defendant was in Richmond County Jail in Augusta, Georgia, on August 29, 1976."

Although the appellant states in his brief that this

enumerated error must be abandoned, he also states that "the confession of appellant was neither freely nor voluntarily made by him." Nevertheless, inasmuch as a death sentence was imposed in this case we have reviewed that transcript of the Jackson-Denno hearing (Jackson v. Denno, 378 U. S. 368 (1964)) and conclude that there was ample evidence to support the trial court's decision to admit the statement into evidence and to overrule the appellant's objection that the statement was not freely and voluntarily made.

8. In Enumeration 9, the appellant alleges "[t]he Court erred in admitting over objection, pictures of persons not on trial at this time, in the identification of the accused, Judson Ruffin."

The thrust of the appellant's argument in support of this enumeration is that a GBI agent's testimony concerning the victim's identification of appellant's photograph was inadmissible hearsay. Agent Ingram was explaining that he had submitted a number of photographs to Mr. Phillips, the surviving victim-witness, and that Mr. Phillips had picked out the photograph of the appellant, Judson Ruffin. Both the enumeration and the argument are without merit. *Roland v. State,* 137 Ga. App. 796, 799 (224 SE2d 846) (1976). Additionally, conversation may be admitted under Code Ann. § 38-302 to explain conduct and as such is not considered hearsay. *Arnold v. State,* 236 Ga. 534 (224 SE2d 386) (1976); *English v. State,* 234 Ga. 602 (216 SE2d 851) (1975).

9. In Enumeration 10, the appellant alleges "[t]he Court erred in permitting the District Attorney, Kenneth E.. Goolsby, to lead the accused into making voluntary statements of a criminal offense when he was 13 years of age, and a minor, in violation of Code Section 38-202 of the Code of Georgia."

The appellant alleges the state put his character in evidence in violation of Code Ann. § 38-202 and the state responds that the appellant opened the door and such inquiry was proper under *Brown v. State,* 237 Ga. 467, 468 (228 SE2d 853) (1976). The district attorney asked, "What is your background?" and the appellant responded "[t]hat I don't have the education." The district attorney then

asked, "What else is your background? Besides you don't have the education?" After the appellant responded "[o]kay, I went away when I was thirteen. I was sent off when I was thirteen," the appellant's counsel asked that the court stop counsel and at the court's direction that "[o]f course, he should not be led into a voluntary statement on his part," the state did not pursue that line of questioning any further.

It is clear that the inquiry was stopped before the appellant's character was put in evidence inasmuch as there is no indication of who sent him off (it could have been his parents because they could not support him), why he was sent off, or where he was sent.

Accordingly, Enumeration 10 is without merit.

10. In Enumeration 11, the appellant alleges "[t]he Court erred in admitting to the record Exhibits Nos. 30, 32 and 33, indictments in Richmond County, Georgia, in 1967, while the accused was a minor aged 13 and 14 years, in Augusta, Georgia," in the sentencing phase of the trial.

There is no evidence in the record which indicates that the appellant's juvenile record had been sealed pursuant to a court order as required by Code Ann. § 24A-3504 (a); furthermore, these cases were tried in superior court and are subject to the criminal sanctions which may be imposed in that court, and as such are adjudications of guilt of a juvenile in superior court and and criminal adjudications. *Carrindine v. Ricketts,* 236 Ga. 283, 285 (223 SE2d 627) (1967). The exhibits being otherwise in proper form, the trial court did not err in admitting them into evidence.

11. In Enumeration 12, the appellant alleges "[t]he Court erred in denying appellant's motion to merge Count 2 with Count 1, which is the higher crime, and election must have been made at the close of the evidence by the State."

The Georgia statute on included offenses provides that an accused cannot be convicted of more than one crime if one crime is included in the other. Appellant urges that his sentence for armed robbery (Count 2) merged in his conviction for murder (Count 5) and that under *Atkins v. Hopper,* 234 Ga. 330 (216 SE2d 89) (1975), the conviction for armed robbery cannot stand under the

"concurrent sentence doctrine." The concurrent sentence doctrine has no application in this situation. Appellant was indicted for malice murder, not felony murder, and the trial judge charged the jury on malice murder. The offense of armed robbery was not an included offense of malice murder and the trial judge properly refused to order the merger of the two offenses. *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977).

Enumeration 12 is without merit.

12. In Enumeration 13, the appellant alleges "[t]he Court erred in overruling appellant's motion for a directed verdict on all counts because of insufficiency of evidence."

We have reviewed the evidence as summarized above and conclude that there was ample evidence to support the verdict of the jury under the "any evidence test," *Bethay v. State,* 235 Ga. 371, 375-376 (219 SE2d 743) (1975), and the verdict is factually substantiated. Code Ann. § 27-2537 (i) (Ga. L. 1973, pp. 159, 165).

Under this enumeration, the appellant alleges that the kidnapping (Count 3) of Bonnie Bulloch and the armed robbery (Count 1) of Henry Phillips were merged in the murder of Bonnie Bulloch (Count 5). The kidnapping (Count 3) does not allege bodily harm and the murder (Count 5) alleges malice murder and not felony murder, the kidnapping of Bonnie Bulloch does not merge with the murder of Bonnie Bulloch. In addressing Enumeration 12, we have held that the armed robbery of Henry Phillips (Count 1) is not merged in the murder of Bonnie Bulloch (Count 5) for the same reason. Appellant also argues that the aggravated assault (Count 6) of Henry Phillips is merged with the kidnapping of Henry Phillips (Count 4) and cannot stand. Count 4 charging the kidnapping of Henry Phillips does not allege bodily injury and Count 6, aggravated assault, did not merge with Count 4.

Enumeration 13 is without merit.

13. In Enumeration 14, the appellant alleges "[t]he Court erred in overruling appellant's motion for mistrial because the District Attorney stated that the accused lied under oath, and was therefore not entitled to mercy and consideration by the jury, in violation of Code Section 81-1009 of the Code of Georgia."

Our remarks in *Shy v. State,* 234 Ga. 816, 824 (218 SE2d 599) (1975) apply with equal force here. In *Shy* this court held: "That appellant may not have told the truth was a permissible inference from the evidence. If the jury believed the state's witnesses, they could disbelieve the defendant's testimony. Such an inference could be drawn from the evidence and did not amount to a personal opinion by the prosecutor in his jury argument. See, *Moore v. State,* 222 Ga. 748 (152 SE2d 570) (1966); *Manning v. State,* 123 Ga. App. 844 (182 SE2d 690) (1971). See also *Broznack v. State,* 109 Ga. 514 (35 SE123) (1899). What the law condemns is "the injection into the argument of extrinsic and prejudicial matters which have no basis in the evidence." *Floyd v. State,* 143 Ga. 286, 289 (84 SE 971) (1915). See also *Walker v. State,* 232 Ga. 33 (205 SE2d 260) (1974).

Enumeration 14 is without merit.

14. In Enumeration 15, the appellant alleges "[t]he Court erred in overruling appellant's motion for mistrial when the District Attorney referred to a co-defendant, Jose Martinez High, as a murderer, when the person had never been tried or convicted in Taliaferro County."

The Georgia Court of Appeals considered the propriety of a district attorney's reference to a defendant as a murderer and found no error in *Bailey v. State,* 138 Ga. App. 807 (227 SE2d 516) (1976). There, as in the instant case, there was evidence of an unlawful killing. In the appellant's case there was also evidence that Jose Martinez High, a co-indictee, had participated in the killing. Accordingly it was not error for the district attorney to refer to Jose Martinez High as a murderer. It is quite proper for counsel to recount the evidence and draw reasonable inferences therefrom. *Bailey v. State,* supra; *Moore v. State,* 222 Ga. 748 (152 SE2d 570) (1966); *Gravitt v. State,* 220 Ga. 781 (141 SE2d 893) (1965); *Clifton v. State,* 187 Ga. 502, 508 (2 SE2d 102) (1939).

Enumeration 15 is without merit.

15. In Enumeration 16, the appellant alleges "[t]he Court erred in overruling appellant's motion for mistrial because the District Attorney argued the crimes of Jose Martinez High, a codefendant, not on trial."

This contention is found to be without merit on the same grounds discussed in our judgment on Enumeration 15.

16. In Enumeration 17, the appellant alleges: "The court erred in allowing the District Attorney over objection, to badger the accused by asking the accused if he thought he deserved to live, repeatedly, many times, during cross examination, and conducting improper questioning."

Appellant's counsel made three objections during cross examination of the appellant during the sentencing phase of the trial. The trial court sustained two of the objections and on the third one the district attorney changed the direction of his questioning.

Each party has the right to a "thorough and sifting" cross examination of opposing witnesses. Code Ann. § 38-1705. The trial court has the discretion to determine the scope of cross examination and in the absence of abuse of that discretion the action of the trial judge will not be disturbed. *Davis v. State,* 230 Ga. 902, 904 (199 SE2d 779) (1973).

Enumeration 17 is without merit.

17. In Enumeration 18, the appellant alleges "[t]he Court erred in allowing the District Attorney to question the accused on an offense which occurred in New York City, when a certificate of conviction, or plea would have been the highest and best evidence."

The district attorney asked the appellant on cross examination: "Q. Did you live at 144 Allers Boulevard, New York, New York? A. Right." At no time did the district attorney question the accused on any offense which occurred in New York City. After the above question the district attorney questioned the appellant about an offense for which he was tried in Augusta, Georgia, before Judge Fulcher. A certified copy of this conviction has already been admitted into evidence.

Enumeration 18 is without merit.

18. In Enumeration 19, the appellant alleges "[t]he Court erred in permitting questioning by the district attorney as to two offenses in Richmond County, Georgia, in 1966, when the accused was a minor."

In response to Enumeration 11 we have held evidence of these prior convictions to be admissible. They were admitted prior to the questioning by the district attorney and appellant's counsel had already questioned him concerning these offenses on direct examination.

Accordingly, we find Enumeration 19 to be without merit.

19. In Enumeration 20, the appellant alleges "[t]he Court erred in allowing the District Attorney to read the case of Susan *Eberhart v. State,* 47 Ga. 609 [(1873)], to the jury, over objection of the defendant, Judson Ruffin."

This court has previously considered the propriety and legal effect of a prosecutor's arguing *Eberhart v. State,* 47 Ga. 598, 609-610 (1873) and although we have tried to discourage a reading of certain passages from this case we have held it is not error under the circumstances here. *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977); *Campbell v. State,* 240 Ga. 352 (240 SE2d 828) (1977); *Presnell v. State,* 241 Ga. 49, 62 (243 SE2d 496) (1978); *Drake v. State,* 241 Ga. 583, 587 (247 SE2d 57) (1978).

Matters such as these are normally addressed in the sentence review of the court but inasmuch as it is enumerated as error we will consider the matter as raised.

Enumeration 20 is without merit.

*III. Sentence Review.*

In reviewing the death penalty in this case, we have determined three issues as required by statute (Ga. L. 1973, p. 159 et seq.; Code Ann. § 27-2537 (c)).

(1) Whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary factor. (Code Ann. § 27-2537 (c) (1)). We find that it was not.

We have examined the jury charge on the sentencing phase of the trial in light of our holdings in *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977); *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977) and *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978).

In *Spivey,* we reviewed the cases we had reversed on the sentencing phase of the trial and concluded that in considering the adequacy of a jury charge on the sentencing phase of the trial "the ultimate test is whether

a reasonable juror, considering the charge as a whole, would know that he should consider all the facts and circumstances of the case as presented during both phases of the trial (which necessarily would include any mitigating and aggravating facts), and then, even though he might find one or more of the statutory aggravating circumstances to exist, would know that he might recommend life imprisonment." *Spivey v. State,* supra, at p. 481.

We there recognized that "[t]his test is substantive rather than formalistic and conforms with the mandate of the Supreme Court of the United States that 'a single instruction to the jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.' Cupp v. Naughten, 414 U. S. 141, 146, 147 (1973); Boyd v. United States, 271 U. S. 104, 107 (1926)." *Spivey v. State,* supra, at p. 481.

The charge on sentence given in Ruffin's case meets that test.

(2) Whether, in cases other than treason or aircraft hijacking, the evidence supports the jury's or judge's finding of a statutory aggravating circumstance as enumerated in Code Ann. § 27-2534.1 (b). Code Ann. § 27-2537 (c) (2).

Two aggravating circumstances were submitted in writing to the jury, namely, "1. The offense of murder, and/or armed robbery, and/or kidnapping was committed while the offender was engaged in the commission of another capital felony, or aggravated battery. 2. The offense of murder, and/or armed robbery, and/or kidnapping was outrageously vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." The jury was instructed, in the event death was fixed as a punishment, to designate on the same writing the aggravating circumstances found which finding was to be dated and signed by the foreman. The jury stated in writing as to Count 5 (murder): "By evidence presented to us, we the jurors conclude that this act was both horrible and inhuman. We conclude that Bonnie B. Bulloch, an eleven year old defenseless child, was taken by force and arms and was ruthlessly executed on July 26, 1976."

This constituted a finding of two of the statutory aggravating circumstances (Code Ann. § 27-2534.1 (b) (2) and (7)) and it is supported by the evidence.

(3) In reviewing the death penalty in this case, we have considered the murder cases appealed to this court since January 1, 1970, in which death or life sentences were imposed and we find that the similar cases listed in the appendix support affirmance of the death penalty in this case.

The verdict is factually supported and Judson Ruffin's sentence to death for murder is not excessive or disproportionate to the penalty imposed in similar cases considering both the crime and the defendant.

*Judgment affirmed. All the Justices concur, except that as to Division 4, Hill, J., concurs in the judgment only.*

ARGUED SEPTEMBER 12, 1978 — DECIDED JANUARY 24, 1979 — REHEARING DENIED FEBRUARY 14, 1979.

*Walton Hardin,* for appellant.

*Kenneth E. Goolsby, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Daryl Robinson, Assistant Attorneys General,* for appellee.

APPENDIX.

*House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Berryhill v. State,* 235 Ga. 549 (221 SE2d 185) (1975); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Gibson v. State,* 236 Ga. 874 (226 SE2d 63) (1976); *Harris v. State,* 237 Ga. 718 (230 SE2d 1) (1976); *Young v. State,* 237 Ga. 852 (230 SE2d 287) (1976); *Dix v. State,* 238 Ga. 209 (232 SE2d 47) (1976); *Pryor v. State,* 238 Ga. 698 (234 SE2d 918) (1977); *Blake v. State,* 239 Ga. 292 (236 SE2d 637) (1977); *Young v. State,* 239 Ga. 53 (236 SE2d 1) (1977); *Stanley v. State,* 240 Ga. 341 (241 SE2d 173) (1977); *Thomas v. State,* 240 Ga. 393 (242 SE2d 1) (1977); *Morgan*

*v. State,* 241 Ga. 485 (246 SE2d 198) (1978).