## 38436. BUTTRUM v. THE STATE.

WELTNER, Justice.

The defendant was indicted for the murder of Demetra Faye Parker and the theft of her car. She was convicted on both counts and sentenced to death for the murder and ten years for motor vehicle theft. The jury in recommending the death penalty found the existence of four statutory aggravating circumstances. The victim was raped, sodomized and stabbed 97 times during the early morning hours of September 3, 1980, and her body was discovered by the manager that morning in her room at a motel where she was a guest. The defendant and her husband were also occupants of the same motel. The key to defendant's room was found on the counter in the motel office. Upon inspection of their room, a bloody wash cloth and bar of soap was found. The police were notified and warrants were issued for both defendant and her husband. They were arrested in Florida and returned to Georgia. The husband was tried first, convicted and sentenced to death. He committed suicide while his appeal was pending in this Court.

1. We will deal first with errors claimed during the guilt-innocence phase of the trial.

Enumerations of error 3 and 4 contend the trial court erred in denying defendant's motion for change of venue and failing to disqualify 2 jurors who had formed an opinion as to guilt. The defendant argues that by reason of extensive publicity from all the news media, a fair trial was impossible.

" 'The test as to whether pretrial publicity has so prejudiced a case that an accused can not receive a fair trial is whether the jurors summoned to try the case have formed fixed opinions as to guilt or innocence of the accused from reading such publicity.' *Dampier v. State,* supra [245 Ga. 427, 431 (265 SE2d 565) (1980)]. 'To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.' Irvin v. Dowd, 366 U. S. 717, 723 (81 SC 1639, 6 LE2d 751) (1960)." *Messer v. State,* 247 Ga. 316 (4) (276 SE2d 15) (1981).

In the present case, 22 prospective jurors were excused for cause. A majority of the 42 prospective jurors put upon defendant stated that they had been exposed to varying degrees of publicity. All stated unequivocally that they could put aside any opinions they had and reach a verdict based on the evidence. There is no merit in these

enumerations.

2. Enumeration of error 5 contends the trial court erred in overruling her motion to suppress the evidence obtained from her motel room, statements given to arresting officers, and evidence obtained from the victim's car.

The defendant first argues that evidence obtained from the motel room on September 3 without a search warrant should be suppressed because rent had been paid in advance until September 5, and she and her husband were therefore still in constructive possession. The motel owner-manager found the key to defendant's room on the counter in the office on the morning of September 3, and upon inspection discovered that all of their personal belongings had been removed from the room, whereon he concluded that they had abandoned the premises. Having abandoned the premises, defendant no longer had any expectation of privacy, and may not complain of the entry and search of the room.

The defendant contends that her statement given to FBI agents in Florida should be suppressed because the arrest warrant was invalid for two reasons. First, that the justice of the peace system is unconstitutional because it operates under a fee system, and, secondly, that the justice of the peace who issued the warrant was disqualified because he was also a deputy sheriff.

Appellant's attack upon the present justice of the peace system is without merit. The Georgia statutes subsequent to the 1977 amendment satisfied the constitutional requirements set forth in Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444) (1977). Roberts v. State, 243 Ga. 604 (5) (255 SE2d 689) (1979).

The second contention of defendant — that the issuing magistrate was a deputy sheriff and hence disqualified from issuance of an arrest warrant — must be considered in light of all the facts and requirements of law as to arrest warrants.

In Thompson v. State, 248 Ga. 343 (285 SE2d 685) (1981), we disapproved of a per se rule in Fourth Amendment cases. In the present case the defendant was arrested in Florida pursuant to an FBI fugitive warrant issued in good faith reliance on the Georgia arrest warrant regular on its face. While there may have been some technical deficiency in the status of the issuing magistrate, we find nothing which would require suppression of the evidence obtained and of the statements of the defendant made at the time of her arrest. Michigan v. DeFillippo, 443 U. S. 31, 35 (99 SC 2627, 61 LE2d 343) (1979).

The remaining ground of defendant's motion to suppress concerned the evidence obtained from the victim's car. A defendant has no standing to complain of the search of premises or property of

another. *Cervi v. State,* 248 Ga. 325 (2) (282 SE2d 629) (1981).

3. Enumerations of error 6 and 7 contend that the trial court erred in placing upon defendant the burden of proof as to her special plea of mental incompetency, and in using the word "sanity" rather than "competency" in his charge. The burden of proof upon a special plea is on the defendant. *Banks v. State,* 246 Ga. 178 (3) (269 SE2d 450) (1980); *May v. State,* 146 Ga. App. 416 (246 SE2d 432) (1978). Nor do we find any error in the charge on the special plea.

4. Enumeration of error 8 contends the trial court erred in denying defendant funds to employ a psychiatrist, field investigator and forensic criminologist. The defendant does not contest any of the evidence presented against her, nor was any showing made at the hearing held on the motion as to what benefits could be gained by granting her funds for the hiring of such experts.

We recently held in *Sabel v. State,* 248 Ga. 10 (6) (282 SE2d 61) (1981), that: "A criminal defendant on trial for his liberty is entitled on motion timely made to have an expert of his choosing, bound by appropriate safeguards imposed by the court, examine critical evidence whose nature is subject to varying expert opinion." The defendant in this case made no contention that any critical evidence was subject to varying opinion, but in answer to the trial court's inquiry as to what further test he wanted stated: "At this point in time, no, there is not. If there is one, we will let the court know before the week expires." We cannot say, based upon this record, that the trial court abused its discretion in denying the motion for funds for expert witnesses. *Messer v. State,* 247 Ga. 316 (1), supra.

5. Enumeration of error 9 complains of the admission in evidence of a letter written by defendant. The letter introduced at the guilt-innocence phase of the trial was written to the chief jailer. The letter was not solicited, nor was it the result of any interrogation, and sought to relieve her husband of any blame for the murder and rape of the victim by stating that she had coerced him into participating in the crimes. The trial court did not err in admitting this letter. *Stevens v. State,* 247 Ga. 698 (7) (278 SE2d 398) (1981).

6. Enumerations of error 11 and 12 contend the trial court erred in admitting testimony of a conversation with defendant's husband in her presence, and the charge of the court on conspiracy.

The testimony objected to occurred on the night of the crime when the witness, the defendant and her husband were riding around and he testified as follows: "He asked me if I knew where I could get him a girl at. Q. What did you reply? A. I said, won't your wife get mad at you for talking like that? No, as long as she gets to go with her first." This testimony had a direct bearing on the contended conspiracy between defendant and her husband. The statements made by the

co-defendant in the presence of appellant were admissible. See *Sprouse v. State,* 242 Ga. 831 (2) (252 SE2d 173) (1979), and cits. There was no error in admitting this testimony, or in the charge concerning conspiracy.

7. Enumeration of error 1 contends the trial court erred in allowing the testimony of Dr. Henry Adams at the sentencing phase of her trial. The defendant argues that the only way an expert witness may give his opinion is in response to hypothetical questions based upon facts in evidence.

It has long been the rule in this state that an expert witness may give his opinion as long as he states the facts on which he bases his conclusion. The fact that an expert's opinion may be based in part on facts not in evidence goes to the weight and credibility, not to its admissibility. *Redfield v. State,* 240 Ga. 460 (1) (241 SE2d 217) (1978) and cases cited. There is no merit in this enumeration of error.

8. Enumeration of error 10 complains of a letter introduced at the sentencing phase. The letter was written by defendant to her husband while both were in jail awaiting trial. The letter was given to a guard for delivery. Under rules of the jail imposed by the sheriff, all communications between prisoners were to be read and anything out of the ordinary reported to the sheriff. The letter contained an incriminating statement and the note also contained a statement indicating knowledge that notes passed between them were read by the guards.

The defendant objected to the admission of this letter, contending it was a confidential communication between husband and wife under Code Ann. § 38-418 (a, 1), and excludable. The trial court excused the jury and held a hearing in which it found that there must be some expectation of confidentiality to be privileged under this court's holding in *Lowry v. Lowry,* 170 Ga. 349 (6) (153 SE 11) (1930). The court further found that the note itself indicated that their messages were being intercepted and that defendant had no reasonable expectation of confidentiality. The trial court's finding that the letter was not a confidential communication being supported by the evidence, we find no merit in this enumeration of error.

9. Enumeration 13 contends it was error to allow the State to introduce a prior conviction for simple assault at the sentencing phase without prior notification as required by Code Ann. § 27-2503. The State introduced evidence of a prior guilty plea to the charge of simple assault after the defendant had presented several witnesses who testified as to her nonviolent nature.

The testimony introduced by defendant was in the nature of

character evidence and it was not error to admit this evidence as rebuttal. *Hearn v. State,* 145 Ga. App. 469 (2) (243 SE2d 728) (1978); *Mize v. State,* 240 Ga. 197 (6) (240 SE2d 11) (1977).

10. Enumeration 14 contends the Unified Appeal Procedure is unconstitutional. All of defendant's contentions have been decided adversely to her in *Sliger v. State,* 248 Ga. 316 (282 SE2d 291) (1981) (cert. den. —— U. S. —— (102 SC 1442, —— LE2d ——)). There is no merit in this enumeration of error, and the trial court did not err in overruling her motion for new trial as contended in enumeration 15.

## *Sentence Review*

As required by Georgia Laws, 1973, p. 159, et seq., (Code Ann. § 27-2537 (c) (1-3)), we have reviewed the death sentence in this case. We have considered the aggravating circumstances found by the jury and evidence concerning the crimes and the defendant pursuant to the mandate of the statute. We conclude that the sentence of death imposed in this case was not imposed under the influence of passion, prejudice or any other arbitrary factor.

The defendant contends that under the holding of the United States Supreme Court in Eddings v. Oklahoma, —— U. S. —— (102 SC 869, 71 LE2d 1) (1982), that the court should have been instructed to consider the person of the defendant as a young and deprived girl with a sad and complex life. In the sentencing phase the court allowed the defendant to present several witnesses who testified as to her deprived upbringing, and to other factors in her childhood. There is no merit that the jury was precluded from considering these factors, as they were advised to consider all the evidence presented in mitigation.

The jury found the following aggravating circumstances: The offense of murder was committed while engaged in another capital felony, to wit, rape, and that the murder was outrageously, wantonly vile and inhuman in that it involved torture, depravity of mind and battery to the victim. The jury was instructed separately as delineated by this court in *Hance v. State,* 245 Ga. 856 (3) (268 SE2d 339) (1980). The jury made a specific finding and found all three factors of *Hance,* supra. We have reviewed the record and find that the aggravating circumstances as found were fully supported by the evidence, under the stimulus of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

We have reviewed the charge of the trial court to the jury in this case and found it not subject to the defects dealt with in *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977), or in *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977).

This court has independently reviewed the record as mandated

by the Unified Appeal Procedure and has found no addressable error with the exception of the issues raised in Enmund v. Florida, 50 USLW 5087 (Case no. 81-5321), recently decided by the U. S. Supreme Court. The evidence in this case shows that prior to leaving the crime scene where the victim was murdered, this defendant cut the victim across the abdomen with the murder weapon and when asked why, she stated that this was the only place left to cut her and that "that girl sure didn't want to die." Therefore no issue is raised as to the direct and active participation of this defendant in the murder.

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed. We find that similar cases listed in the appendix support the affirmance of the death penalty.

This was a particularly brutal murder in that the victim was raped, sodomized and stabbed 97 times after letting the defendant into her motel room in the early morning hours under the pretense that something was wrong with her baby. Thereafter the defendant and her husband robbed the victim and stole her automobile for the purpose of making their escape from the scene. The 15 cases in the appendix in which the death penalty was imposed support the death penalty in the case. All of these cases involve the deliberate, unprovoked killing of a victim in conjunction with a sex crime, and thus show the willingness of the jury to impose the death penalty under similar circumstances.

The crimes of Janice Buttrum can only be described as butchery and barbarism. The sentence of death is neither excessive nor disproportionate.

*Judgment affirmed. All the Justices concur, except Hill, P. J., who concurs in the judgment only, and Gregory, J., who dissents to Division 7 and the affirmance of the death sentence.*

DECIDED JULY 8, 1982.

*Steve F. Fain, J. Mike Brown,* for appellant.
*Stephen A. Williams, District Attorney, Michael J. Bowers, Attorney General, Charles E. Brown, Assistant Attorney General,* for appellee.

APPENDIX.

*McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Gibson v. State,* 236 Ga. 874 (226 SE2d 63) (1976); *Coleman v. State,* 237 Ga. 84 (226 SE2d 911) (1976); *Dix v. State,* 238 Ga. 209 (232 SE2d 47) (1977); *Peek v. State,* 239 Ga. 422 (238 SE2d 12) (1977); *Spraggins v. State,*

240 Ga. 759 (243 SE2d 20) (1978) (affirmed on resentencing, 243 Ga. 73 (252 SE2d 620) (1979)); *Moore v. State,* 240 Ga. 807 (243 SE2d 1) (1978); *Presnell v. State,* 241 Ga. 49 (243 SE2d 496) (1978) (affirmed after remand from U. S. Supreme Court, 243 Ga. 131 (252 SE2d 625) (1979)); *Johnson v. State,* 242 Ga. 649 (250 SE2d 394) (1978); *Collins v. State,* 243 Ga. 291 (253 SE2d 729) (1979) (affirmed on resentencing, 246 Ga. 261 (271 SE2d 352) (1980)); *Bowen v. State,* 244 Ga. 495 (260 SE2d 855) (1979); *Brooks v. State,* 244 Ga. 574 (261 SE2d 379) (1979) (addendum 246 Ga. 262 (271 SE2d 172) (1980)); *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979); *Nelson v. State,* 247 Ga. 172 (274 SE2d 317) (1981).