No. 85–7071.  BUTTRUM *v.* BLACK, WARDEN.  Sup. Ct. Ga. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Petitioner was convicted of murder and sentenced to death. Her conviction and sentence were affirmed on direct appeal, and this Court denied certiorari.  *Buttrum* v. *State*, 249 Ga. 652, 293 S. E. 2d 334 (1982), cert. denied, 459 U. S. 1156 (1983).  The present petition seeks review of a subsequent denial of state habeas corpus relief in state court.  Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would vacate the judgment of the Supreme Court of Georgia insofar as it left undisturbed the death sentence imposed in this case.  *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting). However, even if I believed that the death penalty could be imposed constitutionally under certain circumstances, I nevertheless would, at the very least, delay the disposition of this petition until *California* v. *Brown*, No. 85–1563, is decided.

In closing argument at the sentencing phase of petitioner's trial, the prosecutor incorporated statements from an 1873 decision of the Georgia Supreme Court that appear with some regularity in contemporary capital sentencing proceedings in that State.  See *Eberhart* v. *State*, 47 Ga. 598, 609–610; *Ruffin* v. *State*, 243 Ga. 95, 105, 252 S. E. 2d 472, 479–480 (1979).  The effect of these statements was to lead the jury to believe that mercy was not a permissible component of their sentencing determination:

> "You took an oath at the beginning of the case.  You said, 'I do', to 'You shall well and truly try the issue formed upon this Bill of Indictment . . . and a true verdict give according to evidence.  So Help You God.'  'According to evidence'; not according to mercy, not according to sympathy, not according to feeling sorry for a Defendant. . . . Mercy?  I submit to you that we should have no sympathy with that sentiment that springs into action whenever a criminal is about to suffer for a

crime. Society demands that the crime be punished and criminals warned. The false humanity that starts and shudders when the axe of justice is about to fall is a dangerous element for the peace of society. We have had too much of this mercy. It is not true mercy. It only looks to the criminal. . . . A stern, unbending, unflinching administration of justice is the surest way to prevent the commission of other heinous and horrible acts like the one committed by that Defendant. We are a society of Laws, not of sentiment." App. to Pet. for Cert. A–4, pp. 17–18.

On more than one occasion, the Georgia Supreme Court has condemned use of the statements employed by the prosecutor in petitioner's sentencing hearing—at least where they are attributed to a justice of that court—though it has generally found their effect insufficiently prejudicial to warrant reversal of the death sentences imposed. See, e. g., Ruffin, supra, at 105, 252 S. E. 2d, at 479–480; Hawes v. State, 240 Ga. 327, 335–336, 240 S. E. 2d 833, 840 (1977). The Court of Appeals for the Eleventh Circuit has rejected use of this same language, regardless of the spokesman, because its content does not relate to the particular circumstances of the defendant whose sentence is being determined, but rather implies that considerations of mercy can have no part in jury deliberations in capital sentencing proceedings. See, e. g., Wilson v. Kemp, 777 F. 2d 621, 626–628 (1985), cert. denied, 476 U. S. 1153 (1986); Drake v. Kemp, 762 F. 2d 1449, 1458–1461 (1985), cert. denied, 478 U. S. 1020 (1986). These divergent opinions from the Eleventh Circuit and the Georgia Supreme Court raise serious questions as to the constitutionally permissible scope of prosecutorial comment on the role of mercy in the jury's sentencing decision. Because we granted certiorari in California v. Brown, supra, to decide a closely related issue, I dissent from the present denial of this petition.