62 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen K. GREENE, Plaintiff-Appellant,
v.
Charles PAULSON; Charles Paulson, P.C., Defendants-Appellees.
 No. 94-35633.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 2, 1995.*
Decided Aug. 7, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karen Greene appeals pro se the district court's 28 U.S.C. Sec. 1915(d) dismissal of her legal malpractice action against Charles Paulson and Charles Paulson, P.C. (collectively "Paulson") as frivolous. Greene alleged that Paulson committed malpractice when he represented Greene in a personal injury action. We review for abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Greene contends that the district court abused its discretion in dismissing her action. This contention lacks merit.
 
 
 4
 The district court dismissed Greene's action for failure to establish federal jurisdiction. In dismissing Greene's action, the district court did not allow Greene leave to amend her complaint. Unless it is absolutely clear that no amendment can cure the defect, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).
 
 
 5
 Greene's complaint set forth a claim for legal malpractice. Legal malpractice is a state law cause of action It is not a federal cause of action. See e.g., Aragon v. Federated Dept. Stores, Inc., 750 F.2d 1447, 1457-58 (9th Cir.), cert. denied, 479 U.S. 902 (1985). Greene failed to plead or prove that diversity jurisdiction existed. See 28 U.S.C. Sec. 1332(a)(1). Greene's claim, therefore, does not have an arguable basis in law or fact and the district court did not have subject matter jurisdiction over this action. Accordingly, the district court did not abuse its discretion by dismissing this action without leave to amend. See Noll, 809 F.2d at 1446.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4. Greene's request for an extension of time to file a response to the court's screening letter is denied. To the extent that Greene seeks oral argument, her request is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3