## 35709. BURGER v. THE STATE.

CLARKE, Justice.

The appellant, Christopher A. Burger, was tried in Wayne County, convicted of murder and sentenced to death.

The conviction was affirmed but the death sentence was reversed, and a new trial was ordered on the issue of punishment only. *Burger v. State,* 242 Ga. 28 (247 SE2d 834) (1978). The death sentence was reversed on two grounds. The trial court failed to make clear to the jury that it could recommend a life sentence even if it found the existence of a statutory aggravating circumstance. The trial court also failed to inform the jury that it was authorized to consider mitigating circumstances. Code Ann. §§ 27-2534.1 (b) and 27-2534.1 (c). *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977); *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1977).

Upon the retrial of the sentencing phase of the case, the jury again returned a verdict for the death penalty, and the appellant was sentenced to death. The case is here on direct appeal and for mandatory review of the death sentence imposed. Code Ann. § 27-2537. The facts surrounding the death of the victim, Roger Honeycutt, are amply set out in *Burger v. State,* supra, and its companion case, *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978) and will not be repeated here.

1. In the retrial of the sentencing portion of the case, a new jury was impaneled which had not heard the evidence or the charge of the court in the first trial. Appellant contends the jury was not given the "tools" to properly evaluate the evidence. The trial court gave the new jury the usual sentencing charge, including a charge of the definition of reasonable doubt which is the essential test in a finding of the existence of an aggravating circumstance. Code Ann. § 27-2534.1(a-c). Although both defense counsel and prosecution were provided with

copies of the trial court's proposed charge in advance, no requests to charge were submitted by defense counsel.

Appellant argues that the trial court should have charged on the weight of expert testimony, even in the absence of a request. However, the weight of expert testimony is a collateral matter. In this case, the expert testimony consisted of proof of identity and death, issues foreclosed by the initial finding of guilt in the first trial.

In a criminal case, it is incumbent on the trial judge, with or without request, to give the jury appropriate instructions as to the law on each substantive point or issue involved in the case, but the trial court is not required to charge without written request as to any collateral matter. *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Whitten v. State,* 143 Ga. App. 768 (240 SE2d 107) (1977).

The manner in which the jury should consider the testimony of witnesses is collateral. *Whitten v. State,* supra; *Scudiere v. State,* 130 Ga. App. 477 (203 SE2d 581) (1974).

Appellant complains that, absent a request, the court should have charged the jury on circumstantial evidence. However, the record shows the state's evidence to be almost totally direct evidence. Therefore, under the circumstances presented here, it was not error to fail to charge on circumstantial evidence. *DePalma v. State,* 228 Ga. 272 (185 SE2d 53) (1971); *Bryant v. State,* 229 Ga. 60 (189 SE2d 435) (1972); *Gaines v. State,* 232 Ga. 727 (208 SE2d 798) (1974).

It has been held that in the absence of a timely written request, a charge on the weight of opinion evidence is not required. *Arnall v. State,* 120 Ga. App. 309 (170 SE2d 337) (1969); *Watson v. State,* 137 Ga. App. 530 (224 SE2d 446) (1971). Also, it is not error to fail to charge on credibility of witnesses, impeachment or failure of a defendant to make a statement absent a request to charge. *Griffin v. State,* 225 Ga. 209 (166 SE2d 885) (1969); *Ward v. State,* 223 Ga. 864 (159 SE2d 84) (1968).

Upon a review of the transcript and record, viewed in light of a prior determination of guilt, we are convinced that the charge taken as a whole, with the exception set forth in Division 4 herein, fully and properly covered the

matters of the essentials necessary to be proven in order to authorize the imposition of sentence. Appellant's enumerations of error 1 through 3 are therefore without merit.

2. In the trial being reviewed here, the state introduced the confession of the appellant over objection that a Jackson-Denno hearing was not held prior to its introduction. The state further introduced over objection pictures of the body of the victim and testimony of a pathologist regarding identity evidence.

This evidence was admitted at the initial trial of the appellant. He was afforded a Jackson-Denno hearing at that time, and it was determined that his confession was freely and voluntarily given. All the evidence complained of was found upon appeal of the initial trial to be admissible. *Burger v. State,* supra. The appellant cannot now raise the same issues on appeal of the resentencing hearing. See *Davis v. State,* 242 Ga. 901 (252 SE2d 443) (1979). Appellant's fourth, fifth and sixth enumerations of error are without merit.

3. Just prior to the trial, and while appellant was in handcuffs, he was brought into a hallway adjacent to the courtroom. The door to the courtroom was open and appellant was seen by defense counsel. Defense counsel made a motion for mistrial and a motion that a new jury panel be drawn. These motions were overruled. Although the prospective jurors were in the courtroom, there was no showing that any of the veniremen saw the appellant shackled. See *Clyatt v. State,* 126 Ga. App. 779 (192 SE2d 417) (1972). Even if one or more of the prospective jurors by chance did see the defendant in handcuffs as he was waiting outside the courtroom, it is not error to deny a motion for mistrial. *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Brand v. Wofford,* 230 Ga. 750 (199 SE2d 231) (1973); *Morris v. State,* 228 Ga. 39 (184 SE2d 82) (1971).

Appellant's seventh enumeration is without merit.

4. The trial court instructed the jury as to three statutory aggravating circumstances which it could consider in arriving at its verdict. These statutory aggravating circumstances were:

(1) the murder was committed while the offender was engaged in the commission of another capital felony,

kidnapping. Code Ann. § 27-2534.1 (b) (2); (2) the murder was committed while the offender was engaged in the commission of another capital felony, armed robbery. Code Ann. § 27-2534.1 (b) (2); and (3) the offense of murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture and depravity of mind. Code Ann. § 27-2534.1 (b) (7).

The jury returned a finding as to all three of the statutory aggravating circumstances given in charge and recommended the death penalty. The appellant charges error in that the trial court, without written request, failed to charge the definition of armed robbery and kidnapping. We agree. It should also be noted that the trial judge in his charge referred to kidnapping as a capital felony. While kidnapping alone is a felony, it is not a capital felony unless there was a kidnapping with bodily injury or kidnapping for ransom.

Where a defendant in a capital case is not charged during the guilt-innocence phase with the capital felony designated as an aggravating circumstance, the trial court would be required to charge the definition of that capital felony as part of its instruction to the jury during the sentencing phase of the trial, unless such charge has been waived.

However, it is unnecessary for us to decide whether the death penalty imposed in this case must be set aside on this ground. The jury was properly instructed as to § 27-2534.1 (b) (7) and the evidence supports a finding of § 27-2534.1 (b) (7) beyond a reasonable doubt by a rational trier of fact. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979).

In this case, the co-defendant Stevens sodomized the victim after he was kidnapped and robbed him while the appellant watched. The appellant opened the trunk of the car and asked the bound and nude victim if he was all right immediately before driving the cab into a pond thereby allowing the entombed victim to helplessly drown. Such actions support a finding of torture to the victim and depravity of mind on the part of the perpetrator. Actions such as those perpetrated by the appellant according to the evidence are outrageously and wantonly vile and inhuman under any reasonable

standard of human conduct. The contention that the trial court should have defined or more fully explained the language of Code Ann. § 27-2534.1 (b) (7) is clearly without merit. *Harris v. State,* 237 Ga. 718 (230 SE2d 1) (1976); *Lamb v. State,* 241 Ga. 10 (243 SE2d 59) (1978).

Where two or more statutory aggravating circumstances are found by the jury, the failure of one circumstance, or in this case two, does not taint the proceedings so as to invalidate the other aggravating circumstance found and the sentence of death based thereon. *Gates v. State,* 244 Ga. 587, supra; *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974). The jury was authorized to impose the death sentence because the offense of murder was outrageously or wantonly vile, horrible and inhuman in that it involved torture and depravity of mind. The verdict may be upheld upon this ground and the failure to properly charge the other aggravating circumstances does not render the jury's verdict invalid.

5. In the absence of a timely written request, the failure to define "capital felony" as used in Code Ann. § 27-2534.1 (b) (2) is not error. The capital felony relied upon by the state being specified, a definition of capital felony would be superfluous.

6. Code Ann. § 27-2537 requires that this court, when reviewing capital cases in which the death penalty is imposed, determine whether the sentence of death was imposed under the influence of passion, prejudice or any other arbitrary factor. The question presented is whether the possibility of seeing the appellant in handcuffs could have prejudiced the jury's determination of sentence. In this case, we find it could not. The appellant was a *convicted* murderer. No presumption of innocence attached. It is natural and probable for a convicted felon to be handcuffed for security reasons.

The fact that the jury found two aggravating circumstances which are held in Division 4 to be erroneous because of failure to properly charge, would not improperly prejudice the jury. The evidence of kidnapping and armed robbery was necessarily before them, it being an integral part of the criminal transaction and such evidence authorized a finding that the murder was

committed during two felonies, kidnapping and armed robbery. *Collier v. State,* 244 Ga. 553 (261 SE2d 364) (1979); *Stephens v. Hopper,* 241 Ga. 596 (247 SE2d 92) (1978).

After a review of the transcript and record in this case, we conclude that the sentence of death was not imposed under the influence of passion, prejudice or any other arbitrary factor. We further find that the verdict was factually substantiated.

A review of the trial court's charge reveals that it is not subject to the defects addressed in *Fleming v. State,* 240 Ga. 142, supra; *Hawes v. State,* 240 Ga. 327, supra; and *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978).

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed for murder. We find that those similar cases set forth in the appendix support the affirmance of the death penalty. Christopher A. Burger's sentence to death for murder is not excessive or disproportionate considering both the crime and the defendant.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 21, 1980 — DECIDED MARCH 14, 1980.

*Gibbs, Leaphart & Smith, Alvin Leaphart,* for appellant.

*Glenn Thomas, Jr., District Attorney, Arthur K. Bolton, Attorney General, William B. Hill, Assistant Attorney General,* for appellee.

APPENDIX.

*Lingo v. State,* 226 Ga. 496 (175 SE2d 657) (1970); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973); *Hunter v. State,* 231 Ga. 494 (202 SE2d 441) (1973); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Mitchell v. State,* 234 Ga. 160 (214 SE2d 900) (1975); *Goodwin v. State,* 236 Ga. 339 (223 SE2d 703) (1976); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Stanley v. State,* 240 Ga. 341 (241 SE2d 173) (1977); *Campbell v. State,* 240 Ga. 352 (240 SE2d 828) (1977); *Moore v. State,*

240 Ga. 807 (243 SE2d 1) (1978); *Westbrook v. State*, 242 Ga. 151 (249 SE2d 524) (1978); *Ruffin v. State*, 243 Ga. 95 (252 SE2d 472) (1979); *Brooks v. State*, 244 Ga. 574 (261 SE2d 364) (1979); *Tucker v. State*, 244 Ga. 721 (261 SE2d 635 (1979); *Gates v. State*, 244 Ga. 587 (261 SE2d 349) (1979); *Dampier v. State*, 245 Ga. 427 (1980); *Tucker v. State*, 245 Ga. 68 (1980); *Hardy v. State*, 245 Ga. 272 (1980).