### 35378. DAMPIER v. THE STATE.

ADDENDUM TO 245 GA. 427.
(June 24, 1980)

Subsequent to our decision in this case, but prior to transmittal of the remittitur to the trial court, the

Supreme Court of the United States has decided Godfrey v. Georgia, 48 USLW 4541 (May 19, 1980). In that the appellant's sentence of death rests partially[1] upon Code § 27-2534.1 (b) (7), his sentence must be reviewed in light of Godfrey.

Code Ann. § 27-2534.1 (b) (7) provides in pertinent part: "The offense of murder . . . was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." In Godfrey, the court found that § (b) (7) was unconstitutionally applied *in that case.* We find material differences between Godfrey and the case under review, which distinguish this murder from the murder in Godfrey and from other "ordinary" murders for which the death penalty is not appropriate.

In our opinion in this case, we held that the jury's finding beyond a reasonable doubt that the "murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind or aggravated battery to the victim," was supported by the evidence. The evidence in this case clearly establishes that the appellant planned to kill his victim in advance as part of an armed robbery, the sole purpose of which was to obtain funds to buy drugs. The victim was forced at gunpoint to drive his own vehicle to the chosen execution site. Once at the area, the victim dropped to his knees, wrapping his hands around his head; he begged for his life for a full five minutes; during this time, he was listening to the co-defendant encourage the appellant to kill him. The

---

[1] The jury returned a finding of two statutory aggravating circumstances, Code Ann. §§ 27-2534.1 (b) (2) and 27-2534.1 (b) (7). In Godfrey, the court was concerned with a sentence of death resting exclusively on § 27-2534.1 (b) (7). Godfrey v. Georgia, 48 USLW 4541, n. 15. The other statutory aggravating circumstances are more specific and measurable. Godfrey v. Georgia, 48 USLW 4541, 4542, n. 2. Therefore, under our decisions, the death penalty, infra, may be upheld upon § 27-2534.1 (b) (2). *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Burger v. State,* 245 Ga. 458 (245 SE2d 796) (1980).

victim was also facing a large-bore shotgun pointed at his face.

While the death of a victim who dies instantaneously with little or no forewarning does not involve torture or aggravated battery, evidence of psychological abuse by the defendant to the victim prior to death, where it is shown to have resulted in severe mental anguish to the victim in anticipation of physical harm, may amount to serious physical abuse (i.e., torture of the victim), and will support a finding of depravity of mind of the defendant. Furthermore, while the death itself was relatively instantaneous, the victim was not a member of the appellant's family, nor was the victim threatening or causing any emotional trauma to the appellant. The murder was a cold-blooded, execution-style killing, perpetrated for no other reason than to eliminate a witness to an armed robbery. The appellant did not acknowledge his responsibility for his crimes, but fled the state and had to be captured at gunpoint. Cf., Godfrey v. Georgia, supra.

Under the facts of this case, we find that the murder was a type universally condemned by civilized society as wantonly vile, horrible or inhuman, as it involved depravity of mind of the defendant and torture to the victim, as set forth above. See generally, *Hance v. State,* 245 Ga. 856 (1980).

*Judgment of affirmance of the death penalty adhered to. All the Justices concur.*

# AMENDMENT TO CODE OF JUDICIAL CONDUCT.

It is ordered that Canon 7 of the Code of Judicial Conduct be hereby amended by deleting therefrom all of subsection B.(2) except the first paragraph, so that as so amended subsection B.(2) shall read as follows:

"(2) A candidate, including an incumbent judge, for a judicial office that is filled by public election should not himself solicit or accept campaign funds, but he may establish a committee of responsible persons to secure and manage the expenditure of funds for his campaign and to obtain public statements of support for his candidacy. Such committees are not prohibited from soliciting campaign contributions and public support from lawyers. A candidate's committee may solicit funds for his campaign no earlier than six months before a primary election and no later than the date of the last contested primary or election in which he participates during that election year. The candidate should not use or permit the use of campaign contributions for the private benefit of himself or members of his family."

(Amended by Supreme Court order of June 9, 1980.)

## CORRECTIONS.

Page 427, line 26: Add "Robert M. Hitch, III, Assistant District Attorney" as counsel for appellee.

Page 449, last line: Add "George Weaver, Assistant Solicitor" as counsel for appellee.

Page 576, In Newman v. Chatham County, counsel for appellees should read: Anton F. Solms, Jr., Gordon B. Smith, Molly S. McKibben."