34813. BROOKS v. THE STATE.

JORDAN, Presiding Justice.

The United States Supreme Court vacated the death sentence affirmed by this court in *Brooks v. State,* 244 Ga. 574 (261 SE2d 379) (1979), and remanded said case to this court for reconsideration in

light of the discussion of Code Ann. § 27-2534.1 (b) (7) in Godfrey v. Georgia, 446 U. S. —- (100 SC 1759, 64 LE2d 398) (1980). Brooks v. Georgia, —— U. S. —— (1980).

Having reconsidered the facts of the present case as directed, this court now reaffirms on two, independent grounds, the appellant's sentence of death for the murder of Carol Jeannine Galloway.

First, in the present case, the jury's verdict for the death sentence was predicated, not only on Code Ann. § 27-2534.1 (b) (7), but also on Code Ann. § 27-2534.1 (b) (2) (The jury found, beyond a reasonable doubt, that the murder was committed during the appellant's commission of a rape and an armed robbery).

"Where two or more statutory aggravating circumstances are found by the jury, the failure of one circumstance does not so taint the proceedings as to invalidate the other aggravating circumstance found and the sentence of death based thereon." *Gates v. State,* 244 Ga. 587, 599 (261 SE2d 349) (1979).

Therefore, we reaffirm the appellant's sentence of death on the ground that the jury's finding of Code Ann. § 27-2534.1 (b) (2) was supported by legally sufficient evidence.

Moreover, in the present case, the jury found that the appellant's murder of Ms. Galloway reflected, beyond a reasonable doubt, "depravity of mind" under Code Ann. § 27-2534.1 (b) (7) and "when only facts occurring prior to death are relied upon . . ., the fact that the victim was tortured will . . . support a finding of depravity of mind . . ." *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980).

Torture occurs when the victim is subjected to serious physical abuse before death. Godfrey v. Georgia, supra; *Hance v. State,* supra.

In the present case, the victim died, not instantaneously, but a full two hours after being shot in the neck and abandoned by the appellant, death resulting from a slow but steady loss of blood.

Also, it is beyond question that the appellant seriously and sexually abused Ms. Galloway. See *Hance v. State,* supra (physical abuse includes sexual abuse for purposes of proving torture under Code Ann. § 27-2534.1 (b) (7)).

Finally, following his rape of Ms. Galloway, the appellant taunted his victim with her lost virginity and made her the target of his gun, said acts combining to cause her to scream uncontrollably. See *Hance v. State,* supra (physical abuse includes psychological abuse resulting in mental anguish to the victim in anticipation of physical harm).

Accordingly, this court reaffirms the appellant's sentence of death on the ground that, unlike the jury's finding of Code Ann. § 27-2534.1 (b) (7) in Godfrey v. Georgia, supra, the jury's finding of

said statutory aggravating circumstance in the present case was supported by legally sufficient evidence.

*Judgment imposing the death penalty reaffirmed. All the Justices concur, except Hill, J., who concurs specially.*

DECIDED SEPTEMBER 8, 1980.

*William S. Cain, Jr.,* for appellant.

*William J. Smith, District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

I concur specially for the reasons stated in *Gates v. State,* 244 Ga. 587 (7) (8) (261 SE2d 349) (1979).