## 35078. HAMILTON v. THE STATE.

UNDERCOFLER, Chief Justice.

The United States Supreme Court by its order in Hamilton v. Georgia, 48 USLW 3767 (1980), has vacated this court's judgment in *Hamilton v. State,* 244 Ga. 145 (259 SE2d 81) (1979), insofar as the affirmance of the death penalty imposed, and remanded this case for further consideration in light of Godfrey v. Georgia, 446 U. S. —— (100 SC 1759, 64 LE2d 398) (1980).

Pursuant to that mandate, we have considered appellant's sentence of death which rests partially upon Code Ann. § 27-2534.1 (b) (7)[1] and we find material differences between Godfrey and the case under review which distinguish this murder from the murder in Godfrey and from other "ordinary murders" for which the death penalty is not appropriate. See generally *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980); *Dampier v. State* addendum, 245 Ga. 882

---

[1]The jury returned a finding of two statutory aggravating circumstances, Code Ann. §§ 27-2534.1 (b) (2) and 27-2534.1 (b) (7). In Godfrey, the court was concerned with a sentence of death resting exclusively on § 27-2534.1 (b) (7). Godfrey v. Georgia, 446 U. S. ——, n. 15 (1980). The other statutory aggravating circumstances are more "specific and measurable." Godfrey v. Georgia, supra. Therefore, under our decisions, the death penalty infra, may be upheld upon § 27-2534.1 (b) (2). *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Burger v. State,* 245 Ga. 458 (265 SE2d 796) (1980). *Dampier v. State* addendum, supra.

(268 SE2d 349) (1980).

Unlike the murder in Godfrey, death was not instantaneous, the victim was not related to the defendant, and the victim was in no way threatening nor hostile to the defendant. The defendant planned to "roll" the victim in advance and took advantage of his hospitality in order to rob and kill him. Thereafter the defendant fled and made every attempt to conceal his crime. See Godfrey v. Georgia, supra.

Code Ann. § 27-2534.1 (b) (7) provides in pertinent part: "The offense of murder . . . was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." In our opinion we held that the jury's finding beyond a reasonable doubt that the "murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind or aggravated battery to the victim" was supported by the evidence. The evidence shows that the victim, who had taken the defendant and his girlfriend into his home after buying them drinks at local bars, was killed as a part of a robbery scheme. The victim prior to his death was savagely beaten with a soft drink bottle and vase. The bottle and vase broke due to the impact with the victim's skull. The victim was cut and stabbed four times. Two of these wounds were to the head, one almost severing part of his ear. None of the above wounds were in and of themselves fatal. The appellant stabbed the victim twice in the chest, one wound resulting in death. The appellant, after taking some of the victim's property then fled with his girlfriend.

The evidence as set forth above clearly demonstrates that the victim suffered serious physical abuse prior to death. Therefore, we hold that the jury was authorized to find, consistently with the United States Supreme Court's holding in Godfrey, supra, that beyond a reasonable doubt that the appellant's murder of the victim was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery. *Hance v. State,* supra. *Mulligan v. State* addendum, 245 Ga. 881 (268 SE2d 351) (1980); *Dampier v. State* addendum, supra.

*Judgment imposing the death penalty reaffirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1980.

*John F. M. Ranitz, Jr., Jack Greenberg, James M. Nabrit, III, Joel Berger, John Charles Boger, Deborah Fins,* for appellant.

*Andrew J. Ryan, III, District Attorney, Michael K. Gardner, Assistant District Attorney, Arthur K. Bolton, Attorney General,*

*Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.