### 33879. COLLINS v. THE STATE.

NICHOLS, Justice.

By its order of May 27, 1980, the Supreme Court of the United States vacated this court's judgment in this case as to the death sentence (243 Ga. 291 (253 SE2d 729) (1979)) and remanded for further consideration in light of Godfrey v. Georgia, 446 U. S. —— (100 SC 1759, 64 LE2d 398) (1980).

As mandated, this court has re-examined the holding in this case that the evidence supports a reasonable trier of facts in finding beyond a reasonable doubt that the appellant's murder of the victim was "outrageously or wantonly vile, horrible or inhuman in that it involved torture or depravity of mind." Code Ann. § 27-2534.1 (b) (7).

In Godfrey, the court found that Code Ann. § 27-2534.1 (b) (7) had been unconstitutionally applied. This court finds material differences between Godfrey and the case under review, which distinguish this murder from the murder in Godfrey and from other "ordinary" murders for which the death penalty is not appropriate. The evidence in this case clearly establishes that the victim was not related to the appellant. She was not threatening the appellant nor was she causing any emotional trauma to him. The appellant left the scene and attempted in every manner to avoid prosecution for his crime.

As set out in the original opinion, the autopsy report showed that while the victim had died relatively instantaneously from a massive head injury, she also had been raped and sodomized. The evidence shows she had been sexually abused by appellant and his two co-defendants prior to death. See *Burger v. State,* 245 Ga. 458 (265 SE2d 796) (1980); *Stevens v. State,* 245 Ga. 583 (266 SE2d 194)

(1980).

Torture occurs when the victim is subjected to serious physical abuse before death. Godfrey v. Georgia, supra. Serious sexual abuse may be found to constitute serious physical abuse, *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974). *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980). A defendant who tortures the victim before killing the victim can be found to have a depraved mind. *Hance v. State,* supra.

Accordingly, this court holds that the present jury was authorized to find, consistently with the United States Supreme Court's holding in Godfrey that, beyond a reasonable doubt, the murder of the victim was of a type universally condemned by civilized society as " 'outrageously or wantonly vile, horrible or inhuman in that it involved torture or depravity of mind.' " See *Mulligan v. State,* 245 Ga. 881 (268 SE2d 351) (1980).

As was noted in *Dampier v. State,* 245 Ga. 882 (268 SE2d 349) (1980), this case is also of the type wherein the sentence of death rests only partially upon Code Ann. § 27-2534.1 (b) (7). The jury returned a finding of two statutory aggravating circumstances. Code Ann. § § 27-2534.1 (b) (2) and 27-2534.1 (b) (7). In Godfrey, supra, the Supreme Court of the United States was concerned exclusively with a sentence of death resting only upon Code § 27-2534.1 (b) (7). Godfrey v. Georgia, supra.

Therefore, under our decisions, the death penalty may also be upheld upon § 27-2534.1 (b) (2). *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Burger v. State,* supra.

*Judgment imposing the death penalty reaffirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1980.

*Aultman, Moore & Daly, James J. Daly, Jr.,* for appellant.
*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellee.