No. 79–6341. MARTIN *v.* LOUISIANA. Sup. Ct. La. Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.

JUSTICE STEWART, dissenting.

The Louisiana jury that imposed the death penalty upon the petitioner found two aggravating circumstances: (1) the petitioner had knowingly created a risk of death or great bodily harm to more than one person; and (2) he had committed the offense in an especially heinous, atrocious, or cruel manner. 376 So. 2d 300, 311–312. In affirming the death

sentence, the Louisiana Supreme Court held that the jury had properly found the first aggravating circumstance. *Id.*, at 312. It then reasoned that since the jury had had the power to sentence the petitioner to death on the basis of a single aggravating circumstance, there was no need for it to review the correctness of the jury's finding of the second aggravating circumstance. *Ibid.*

Under the state death penalty statute, however, while the jury was permitted to impose capital punishment where it found only a single aggravating circumstance, it was not required to do so. La. Code Crim. Proc. Ann., Art. 905.3 (West Supp. 1980). The Louisiana court's reasoning, therefore, ignores the possibility that some of the jurors may have voted for the death sentence because of the existence of the second aggravating circumstance alone, or that others may have voted for the death penalty only because of the existence of the two aggravating circumstances.

The jury's verdict thus makes it impossible to determine whether some or all of the jurors may have relied on the existence of the second aggravating circumstance in reaching their decision to impose the sentence of death. Accordingly, I would grant the petition for certiorari, vacate the judgment of the Louisiana Supreme Court, and remand this case to that court for consideration of the validity of the jury's finding of the second aggravating circumstance. *Stromberg* v. *California*, 283 U. S. 359, 368.