No. 79–6615. DRAKE *v.* ZANT, WARDEN. Super. Ct. Ga., Butts County; and

No. 79–6704. WESTBROOK *v.* BALKCOM, WARDEN. Sup. Ct. Ga. Certiorari denied.

JUSTICE STEVENS, concurring.

After our decision in *Godfrey* v. *Georgia,* 446 U. S. 420, the Supreme Court of Georgia, in cases remanded by this Court for further consideration in light of *Godfrey,* decided to ad-

here to its prior position that a death penalty imposed on the basis of a plurality of aggravating circumstances, each of which has been established by proof beyond a reasonable doubt, will not be set aside simply because one of those aggravating circumstances is vulnerable. See, *e. g., Hamilton* v. *State,* 246 Ga. 264, 271 S. E. 2d 173 (1980); *Brooks* v. *State,* 246 Ga. 262, 271 S. E. 2d 172 (1980); *Collins* v. *State,* 246 Ga. 261, 271 S. E. 2d 352 (1980).* Because the Georgia Supreme Court's position is clear, and because I consider it consistent with this Court's decisions, I think the Court has correctly decided to deny certiorari in both No. 79–6704 and No. 79–6615, even though similar cases were remanded to the Georgia Supreme Court for reconsideration immediately after we decided *Godfrey.*

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428

---

*In *Brooks,* the Georgia Supreme Court stated:

"Having reconsidered the facts of the present case as directed, this court now reaffirms on two, independent grounds, the appellant's sentence of death for the murder of Carol Jeannine Galloway.

"First, in the present case, the jury's verdict for the death sentence was predicated, not only on Code Ann. § 27–2534.1 (b)(7), but also on Code Ann. § 27–2534.1 (b)(2) (the jury found, beyond a reasonable doubt, that the murder was committed during the appellant's commission of a rape and an armed robbery).

" 'Where two or more statutory aggravating circumstances are found by the jury, the failure of one circumstance does not so taint the proceedings as to invalidate the other aggravating circumstance found and the sentence of death based thereon.' *Gates* v. *State,* 244 Ga. 587, 599 (261 SE 2d 349) (1979).

"Therefore, we reaffirm the appellant's sentence of death on the ground that the jury's finding of Code Ann. § 27–2534.1 (b)(2) was supported by legally sufficient evidence." 246 Ga., at 263, 271 S. E. 2d, at 172–173. Justice Hill concurred only on the basis of the *Gates* rationale. *Ibid.*

U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

JUSTICE STEWART, dissenting.

I would grant the petition for certiorari in No. 79–6615, vacate the judgment insofar as it approved the imposition of the death sentence, and remand the case for reconsideration. See *Martin* v. *Louisiana, ante,* p. 998 (STEWART, J., dissenting).

I would vacate the judgment of the Supreme Court of Georgia in No. 79–6704, insofar as it left undisturbed the death penalty, and remand the case to that court for further consideration in light of *Godfrey* v. *Georgia,* 446 U. S. 420 (1980).

The sentence of death was imposed in No. 79–6704 upon the basis of the statutory aggravating circumstance involved in the *Godfrey* case (Ga. Code § 27–2534.1 (b)(7) (1978)), and an additional statutory aggravating circumstance. If, after *Godfrey,* the Supreme Court of Georgia should decide that the § (b)(7) aggravating circumstance could not constitutionally justify the death sentence, Georgia law would prohibit a further finding that the error was harmless simply because of the existence of the other aggravating circumstance. Under Georgia's capital sentencing scheme, the trial court is the sentencing authority. Ga. Code §§ 27–2503 (b), 27–2534.1 (b) (1978). In addition, the sentencer has the power to decline to impose the death penalty even if it finds that one or more statutory aggravating circumstances are present in the case. See *Fleming* v. *State,* 240 Ga. 142, 146–147, 240 S. E. 2d 37, 40–41 (1977); *Hawes* v. *State,* 240 Ga. 327, 334–335, 240 S. E. 2d 833, 839 (1977). See also *Gregg* v. *Georgia,* 428 U. S. 153, 203. Thus, under Georgia's capital punishment scheme, only the trial judge or jury can know and determine what to do when upon appellate review it has been concluded that a particular aggravating circumstance should not have been considered in sentencing the defendant to death.

I had thought that it was on the basis of precisely this reasoning that the Court only months ago unanimously acted as it did with respect to four cases which were, in all relevant respects, indistinguishable from this one. See *Davis* v. *Georgia,* 446 U. S. 961; *Collins* v. *Georgia,* 446 U. S. 961; *Baker* v. *Georgia,* 446 U. S. 961; *Hamilton* v. *Georgia,* 446 U. S. 961.

JUSTICE WHITE, dissenting.

I dissent from the denial of certiorari in these cases. I would vacate the judgment in each case insofar as it affirmed the imposition of the death sentence and would remand for reconsideration in light of *Godfrey* v. *Georgia,* 446 U. S. 420 (1980). The judgment in each case was entered prior to our decision in *Godfrey.* In each case, the jury found two statutory aggravating circumstances which permit imposition of the death penalty under Georgia law, one of which was that involved in *Godfrey.* In each case the Georgia Supreme Court sustained both circumstances in its mandatory review of the sentence.

We have remanded such cases before, and we should do so now. This would allow the Georgia Supreme Court in the first instance to determine whether the death penalty should be sustained without regard to the validity of the *Godfrey* circumstance. I would not make that determination here, as the Court is apparently doing; for I do not understand the Georgia cases cited by JUSTICE STEVENS to hold either that the Georgia Supreme Court is without power to set aside a death penalty if it sustains only one of the aggravating circumstances found by the jury or that, although the court has that power, it invariably will not disturb the death penalty in such situations. Of course, the Georgia Supreme Court could avoid any such question if on remand it found sufficient grounds to sustain the *Godfrey* aggravating circumstance.

Nor do I believe that the Constitution requires the Georgia Supreme Court to vacate the sentences if it fails to sustain the *Godfrey* aggravating circumstance. The cases now before us involve only sentencing, not guilt or innocence, and there is no constitutional right to jury sentencing. The imposition of a death sentence, despite a failure to sustain all of the aggravating circumstances found by the jury, does not conflict with either *Stromberg* v. *California,* 283 U. S. 359 (1931), or *Street* v. *New York,* 394 U. S. 576 (1969). The Georgia Supreme Court has held that under Georgia law it has the power to determine whether or not a death sentence should be imposed under these circumstances. As I see it, this does not violate the United States Constitution.

Justice Brennan and Justice Marshall, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.