No. 80–6030. WILLIS v. BALKCOM, WARDEN. Super. Ct. Ga., Tattnall County. Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Petitioner was convicted of murder and the jury returned a sentence of death. On direct appeal, the Georgia Supreme Court affirmed the conviction and death sentence. Adhering to my view that the death penalty is under' all circumstances cruel and unusual punishment forbidden by the Eighth and Fourteenth Amendments, I would grant the petition for a writ of certiorari and vacate the judgment below insofar as it left the death sentence undisturbed. But even assuming, *arguendo,* that there are circumstances in which the death penalty may constitutionally be imposed, I believe those circumstances are not present in this case.

Under Georgia law, the jury is responsible for sentencing in death penalty cases. In imposing the death sentence in this case, the jury found three statutory aggravating circumstances: (1) the offense of murder was "outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim"; [1] (2) the "offense of murder was committed against any peace officer . . . while engaged in the performance of his official duties"; [2] and (3) the "murder was committed for the purpose of avoiding, interfering with, or preventing a lawful arrest or custody in a place of lawful confinement, of himself

---

[1] Ga. Code § 27–2534.1 (b) (7) (1978).
[2] § 2534.1 (b) (8).

or another."[3] In seeking review of the death sentence imposed in this case, petitioner does not challenge the validity of the findings concerning the latter two aggravating circumstances. He does argue, however, that the trial court's charge to the jury on the first aggravating circumstance was constitutionally defective.

This provision, Ga. Code § 27–2534.1 (b)(7) (1978) (hereafter § (b)(7)), was the same one involved in this Court's decision last Term in *Godfrey* v. *Georgia,* 446 U. S. 420 (1980). In that case, the trial judge instructed the jury about this aggravating circumstance simply by reading the text of the statute. A plurality of this Court found that practice unconstitutional. It reasoned that the language of § (b)(7) does not impose "any inherent restraint on the arbitrary and capricious infliction of the death sentence" since "[a] person of ordinary sensibility could fairly characterize almost every murder" as falling within the language of § (b)(7). *Id.,* at 428–429. The plurality explained that to be constitutionally valid, a State's capital punishment scheme "must channel the sentencer's discretion by 'clear and objective standards' that provide 'specific and detailed guidance,' and that 'make rationally reviewable the process for imposing a sentence of death.'" *Id.,* at 428 (footnote omitted) (quoting *Gregg* v. *Georgia,* 428 U. S. 153, 198 (1976) (opinion of STEWART, POWELL, and STEVENS, JJ.); *Proffitt* v. *Florida,* 428 U. S. 242, 253 (1976) (opinion of STEWART, POWELL, and STEVENS, JJ.); *Woodson* v. *North Carolina,* 428 U. S. 280, 303 (1976) (opinion of STEWART, POWELL, and STEVENS, JJ.)). Because the trial court had failed to provide adequate guidance to the jury, the death sentence imposed in that case was vacated.

In the instant case, as in *Godfrey,* the trial court's instruction to the jury on § (b)(7) consisted of simply reciting the statutory language. Although both the trial and direct appeal in this case predated *Godfrey,* petitioner challenged the

---

[3] § 2534.1 (b) (10).

adequacy of the charge in a state habeas corpus proceeding. The Georgia habeas court held, however, that *"Godfrey* is not germane to or controlling of Petitioner's case," because petitioner's death sentence was based not only on § (b)(7) but also on the other two aggravating circumstances. App. to Pet. for Cert. B-5. Thus, the court simply assumed that the jury would still have sentenced petitioner to death even if it had found only the two unchallenged aggravating circumstances. But under Georgia law, the finding of one or more aggravating circumstances *permits,* but does not *require* a sentence of death. See *Bowen* v. *State,* 241 Ga. 492, 246 S. E. 2d 322 (1978). Moreover, the jury verdict to impose the death penalty must be unanimous. See *Miller* v. *State,* 237 Ga. 557, 229 S. E. 2d 376 (1976). Under this scheme, it is evident that each aggravating circumstance may play an important role in influencing the jury's verdict. Just what weight each juror attached to a particular aggravating circumstance can never be known by a reviewing court, and if a jury is allowed to base its decision partly upon an improper finding of a § (b)(7) circumstance, it is impossible to determine to what extent the jury's verdict rested upon this circumstance. This situation, which exists in the instant case, is sufficient to invoke the rule that any doubt as to whether a criminal judgment rests upon a constitutionally unsound basis requires its reversal. See *Terminiello* v. *Chicago,* 337 U. S. 1 (1949); *Stromberg* v. *California,* 283 U. S. 359 (1931).

This defect is not cured by a reviewing court's speculation about what a jury faced with a finding of two aggravating circumstances would or might have done. Under Georgia law, only the trier of fact may impose a death sentence. The reviewing court is neither privy to the jury's deliberations nor endowed with psychic powers. Most important, such speculation is, in my judgment, inconsistent with the recognition that because "the penalty of death is qualitatively different from a sentence of imprisonment," there is a heightened "need for reliability in the determination that death is

the appropriate punishment in a specific case." *Woodson* v. *North Carolina, supra,* at 305 (opinion of STEWART, POWELL, and STEVENS, JJ.). See *Beck* v. *Alabama,* 447 U. S. 625 (1980). The proper procedure to follow in cases such as this is to vacate the death sentence and remand the case for resentencing by a properly instructed jury. Cf. *Westbrook* v. *Balkcom,* 449 U. S. 999, 1001 (1980) (STEWART, J., dissenting from denial of certiorari); *Davis* v. *Georgia, ante,* p. 921 (MARSHALL, J., joined by BRENNAN, J., dissenting from denial of certiorari).

Because it cannot be said with assurance that an improper finding of a § (b)(7) circumstance played no part in the jury's decision to impose the death penalty in this case, I would grant the petition for a writ of certiorari and vacate the death sentence on this additional ground.

JUSTICE STEWART joins all but the first and last paragraphs of this dissenting opinion. He would grant the petition for certiorari and vacate the judgment imposing the death penalty, so that a properly instructed jury may consider what sentence to impose. See *Westbrook* v. *Balkcom,* 449 U. S. 999, 1001 (1980) (dissent from denial of certiorari).