No. 80–5757. DAVIS *v.* GEORGIA;
No. 80–5775. SPRAGGINS *v.* GEORGIA; and
No. 80–5850. BROOKS *v.* GEORGIA. Sup. Ct. Ga. Certio-
rari denied. Reported below: Nos. 80–5757 and 80–5775, 246
Ga. 432, 271 S. E. 2d 828; No. 80–5850, 246 Ga. 262, 271 S. E.
2d 172.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins,
dissenting.

These cases were all remanded to the Supreme Court of
Georgia for reconsideration in light of our opinion in *Godfrey*
v. *Georgia,* 446 U. S. 420 (1980). On remand, that court
reaffirmed petitioners' death sentences. Adhering to my view
that the death penalty is under all circumstances cruel and
unusual punishment forbidden by the Eighth Amendment, I
would grant the petitions for certiorari in these cases and
vacate the judgments below insofar as they leave undisturbed
the death sentences. I add a few extra lines, however, to
point out that even accepting, *arguendo,* the prevailing view
that there are circumstances in which the death sentence may
constitutionally be imposed, the state court in these cases
has ignored the mandates of this Court.

Under Georgia law, the jury is responsible for sentencing
in death penalty cases. Petitioners in all three of these cases
were sentenced to death after the jury found, pursuant to
Ga. Code § 27–2534.1 (b)(7) (1978), that they had com-
mitted murders that were "outrageously or wantonly vile,
horrible or inhuman in that [they] involved torture, deprav-
ity of mind, or an aggravated battery to the victim." This
statutory language is so broad that it openly invites the jury
to impose the death penalty in every murder case. It was

the recognition that this invitation was being accepted that led to our decision last Term in *Godfrey*. There, four Justices of this Court agreed that "[a] person of ordinary sensibility could fairly characterize almost every murder" as falling within the language of § 27–2534.1 (b)(7). 446 U. S., at 428–429. The plurality explained that in order to be constitutionally valid, a State's capital punishment scheme "must channel the sentencer's discretion by 'clear and objective standards' that provide 'specific and detailed guidance,' and that 'make rationally reviewable the process for imposing a sentence of death.' " *Id.*, at 428 (footnotes omitted). See *id.*, at 436–437 (MARSHALL, J., concurring in judgment). Because the Georgia courts had failed to provide such guidance to sentencing juries, the plurality reasoned that the death sentence imposed in that case had to be vacated.

Following our decision in *Godfrey*, we vacated the judgments in these and several other cases insofar as they left undisturbed the sentences of death. On remand, the Georgia Supreme Court has treated every case in exactly the same way: it has reviewed the record to discern whether the jury, *if* properly instructed, *could* still have found the existence of this aggravating circumstance beyond a reasonable doubt. On the basis of this review, that court affirmed the death sentences imposed without a proper jury instruction. I would have thought that *Godfrey* made clear that this sort of appellate speculation is impermissible. What I took to be the rule of *Godfrey* is that it is the discretion of the *sentencer* that must be properly narrowed. See also *Gregg* v. *Georgia,* 428 U. S. 153, 189 (1976) (opinion of STEWART, POWELL, and STEVENS, JJ.); *Westbrook* v. *Balkcom,* 449 U. S. 999, 1001 (1980) (STEWART, J., dissenting from denial of certiorari). In murder cases in the State of Georgia, only the trier of fact may impose a sentence of death. Consequently, it is the discretion of the trier of fact—in these cases, the jury—that must be narrowed. And no matter what facts the jury might find, it always retains under Georgia law the ultimate discre-

tion to refuse to impose the penalty at all. An appellate court can do no more than guess at what a jury might have done. Thus only a new sentencing hearing before a properly instructed jury can accomplish the purpose of our remands for reconsideration in light of *Godfrey*. The decision of the Georgia Supreme Court in these cases to substitute its own judgment for that of the sentencer is, in my view, contrary to the mandates of this Court. I would therefore grant the petitions for certiorari in these cases and vacate the judgments below on this additional ground as well.