No. 81–5478.   HARDY *v.* GEORGIA.   Sup. Ct. Ga.   Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

Last Term, this Court granted petitioner's previous petition for certiorari, vacated the judgment of the Georgia Supreme Court affirming the death sentence, and remanded the case for further consideration in light of *Godfrey* v. *Georgia*, 446 U. S. 420 (1980).   See 449 U. S. 988 (1980).   On remand, without the benefit of full briefing and argument requested by petitioner, the State Supreme Court reaffirmed petitioner's death sentence.   Adhering to my view that the death penalty is under all circumstances cruel and unusual punishment forbidden by the Eighth Amendment, I would grant the petition for certiorari in this case and vacate the judgment

below insofar as it leaves undisturbed the death sentence. Moreover, even assuming, *arguendo*, that there are circumstances in which the death penalty may be constitutionally imposed, I believe that the State Supreme Court ignored the mandate of this Court by reaffirming the death sentence in this case. Therefore, essentially for the reasons stated in my dissent from the denial of certiorari in *Davis* v. *Georgia*, *Spraggins* v. *Georgia*, and *Brooks* v. *Georgia*, 451 U. S. 921 (1981), I would grant the petition for certiorari and vacate the judgment below on this additional ground.

Petitioner in this case was sentenced to death after the jury found that the offense of murder was "outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim" pursuant to Ga. Code § 27–2534.1(b)(7) (1978).* In *Godfrey* v. *Georgia*, *supra*, this Court recognized that this statutory language is so broad that it invites the jury to impose the death sentence in every murder case. In *Godfrey*, both the plurality opinion and the opinion concurring in the judgment explained that a State's capital punishment scheme "must channel the *sentencer's* discretion by 'clear and objective standards' that provide 'specific and detailed guidance,' and that 'make rationally reviewable the process for imposing a sentence of death.'" 446 U. S., at 428 (emphasis added) (citations omitted). See *id.*, at 437 (MARSHALL, J., concurring in judgment). Under Georgia law, the jury is responsible for sentencing in death penalty cases. Because the Georgia

---

*The jury also found, pursuant to the trial court's charge, a nonstatutory aggravating circumstance—that the offense of murder was committed while the offender was engaged in the commission of a robbery. Although the State Supreme Court recognized that the jury could not impose a sentence of death based on a nonstatutory circumstance, it found no error in the jury's consideration of this circumstance, and affirmed the death sentence because the jury had found the statutory aggravating circumstance beyond a reasonable doubt.

courts had failed to provide the requisite guidance to the sentencing juries, the *Godfrey* plurality reasoned that the death sentence imposed there had to be vacated.

Following *Godfrey*, we vacated the judgments in this and several other cases where the death sentence had been imposed after the jury found this statutory aggravating circumstance. On remand, the State Supreme Court has employed the same procedure: it reviews the record to determine whether, *if properly instructed*, the jury *could have* found this aggravating circumstance beyond a reasonable doubt. I continue to believe that under *Godfrey*, it is the discretion of the sentencer—in this case the jury—that must be properly narrowed; an appellate court can do no more than guess at what a properly instructed jury might have done. Therefore, I believe that only a new sentencing hearing before a properly instructed jury can accomplish the purpose of our remand for further consideration in light of *Godfrey*. This is particularly true under Georgia law because, even where the jury finds an aggravating circumstance, it retains the ultimate discretion to refuse to impose the death penalty at all. The procedure employed by the State Supreme Court substitutes that court's own judgment for that of the sentencer, and is contrary to the mandate of this Court. Therefore, I would grant the petition for certiorari and vacate the judgment below on this additional ground.