No. 82–5328.  THOMAS *v.* ZANT, SUPERINTENDENT, GEORGIA DIAGNOSTIC AND CLASSIFICATION CENTER.  Super. Ct. Ga., Butts County.  Certiorari denied.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that capital punishment is unconstitutional in all circumstances, I would grant certiorari and vacate the death sentence on this basis alone.  However, even if I believed that the death sentence could constitutionally be imposed under certain circumstances, I would grant certiorari and vacate the death sentence imposed here.  The decision below is inconsistent with this Court's decision in *Godfrey* v. *Georgia*, 446 U. S. 420 (1980).

At the sentencing proceeding which followed petitioner's conviction of murder, the trial court instructed the jury, in the terms of the Georgia death penalty statute, that it could impose the death sentence if it found "that the offense of murder for which the accused has been convicted was outrageously and wantonly vile, horrible and inhuman in that it involved torture and depravity of mind."  Ga. Code § 27–2534.1(b)(7) (1978).  The jury instruction did not in any way clarify or narrow the words of the statute.

The Court recognized in *Godfrey* that an instruction reciting this statutory language does not provide a constitutionally adequate "restraint on the arbitrary and capricious infliction of the death sentence," because it fails to "channel the sentencer's discretion by 'clear and objective standards' that provide 'specific and detailed guidance,' and that 'make rationally reviewable the process for imposing a sentence of death.'"  446 U. S., at 428 (plurality opinion) (footnotes omitted).  Although the instruction in this case, like the instruction in *Godfrey*, did no more than restate the broad statutory language, the Georgia Supreme Court affirmed petitioner's death sentence without requiring a new sentencing proceeding.  In failing to require resentencing, the Georgia

Supreme Court disregarded the clear mandate of *Godfrey*. Although the state appellate court concluded, upon reviewing the trial record, that petitioner deserved the death sentence, the fact remains that the critical sentencing decision was left to "the uncontrolled discretion of a basically uninstructed jury," *id.*, at 429 (plurality opinion). See *Newlon* v. *Missouri, ante*, at 888–889 (MARSHALL, J., dissenting from denial of certiorari); *Brooks* v. *Georgia*, 451 U. S. 921 (1981) (MARSHALL, J., dissenting from denial of certiorari); *Godfrey* v. *Georgia, supra*, at 436–437 (MARSHALL, J., concurring).